

HERTEN, BURSTEIN, SHERIDAN, CEVASCO,
BOTTINELLI, LITT & HARZ, L.L.C.
Counsellors at Law
747 Third Avenue, 37th Floor
New York, New York 10017
(212) 363-1380

| | |
|---|---|
| LILAX TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO CONSULTING SERVICES CORPORATION,<br><br>Defendant. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Action No.:08-CV-03400 |

## FIRST AMENDED COMPLAINT

To The Honorable Judges of the United States District Court
for the Southern District of New York

Plaintiff Lilax Technologies Inc. ("Lilax"), by way of Complaint against the defendant Apollo Consulting Services Corporation ("Apollo") alleges and states as follows:

### PARTIES AND JURISDICTION

1. Lilax is a corporation organized under the laws of the State of Texas, and doing business in Texas.

2. Apollo is a New York corporation doing business from its office address of 14 Catherine Street, Poughkeepsie, New York 12601.

3. Jurisdiction is properly laid in this Court, since the parties have complete diversity of citizenship, and the relief requested is approximately $293.499.10.

## FACTUAL BACKGROUND

1. Lilax and Apollo entered into an agreement dated May 3, 2006. That agreement contains a forum selection clause and a choice of law clause, both designating New York.

2. Under the terms of the agreement, Lilax's consultant was to perform services, including, but not limited to, computer consulting services for Apollo's client.

3. During the course of the assignment, Apollo terminated the relationship with Lilax and proceeded to hire Lilax's consultant. Lilax continued to have the consultant work at the end-user's site. The agreement prohibits such a hiring and states in pertinent part:

> "During the term and One year after the term hereof, each partys (Apollo Consulting Services Corporation, LLC and Lilax Technologies Inc.) agrees that it shall not directly or indirectly, in any individual, representative or other capacity, employ or engage, or solicit for employment or engagement any of the other party's employees working on projects covered by this Agreement."

4. Apollo had a contractual and legal obligation not to make such a placement of the consultant, but proceeded in a surreptitious manner without notice to Apollo, and in violation of Apollo's contract with Lilax.

5. Apollo has continued the placement, at considerable cost and expense to Lilax, which are approximated as being in excess of $250,000.00 in lost profits.

6. Apollo has further failed to pay invoices due and owing to Lilax totaling Forty Three Thousand Four Hundred Ninety Nine Dollars and Ten Cents ($43,499.10) Dollars.

7. As a result, Lilax has been damaged.

## FIRST COUNT

### (Breach of Contract)

1. Lilax repeats and realleges the allegations contained in the Factual Background as if they were set forth fully herein.

2. Lilax and Apollo entered into an agreement.

3. Subsequent to Apollo's contract, Apollo placed Lilax's consultant at a client to provide software consultant services.

4. The consultant provided services for the end-client pursuant to the agreement.

5. The agreement provided that Apollo was to complete the term of the contract and not hire the consultant directly or indirectly.

6. In violation of the contract, Apollo terminated the relationship and continued to have the consultant work at the client's site.

7. Apollo has further failed to pay invoices in the amount of $43,499.10.

8. As a result of Apollo's breach of the agreement, Lilax has been damaged including, but not limited to, lost profits, recruiting and hiring costs, unpaid invoices and loss of business.

## SECOND COUNT

### (Breach of Duty of Good Faith and Fair Dealing)

1. Lilax repeats and realleges the allegations contained above as if set forth fully herein.

2. Apollo has breached its duty of good faith and fair dealing by failing to fulfill its obligations under the contract with Lilax by hiring Lilax's consultant and not paying for invoices due and owing.

3. As such, Lilax has been damaged including, but not limited to, lost profits, recruiting and hiring costs, unpaid invoices and loss of business.

## THIRD COUNT

### (Unjust Enrichment)

1. Lilax repeats and realleges the allegations contained above as if set forth fully herein.

2. Apollo has been unjustly enriched in that it is not receiving the benefits of Lilax's consultant and is now using Lilax's resource to the detriment of Lilax without cost to Apollo. Furthermore, Apollo failed to pay invoices rendered By Lilax.

3. As a result, Lilax has been damaged including, but not limited to, lost profits, recruiting and hiring costs, unpaid invoices and loss of business.

## FOURTH COUNT

### (Tortious Interference)

1. Lilax repeats and realleges the allegations contained above as if set forth fully herein.

2. Apollo was and is aware of the relationship between Lilax and its employees and consultants.

3. Apollo continues to allow the consultant to render services at the client's end-user site, which constitutes interference with its consultant's contractual and business relationship with Lilax.

4. This conduct is intentional, malicious and intended to deprive Lilax of the bargain of the benefits of Lilax's contract with its consultant and employee.

5. As a result, Lilax has been damaged including, but not limited to, lost profits, recruiting and hiring costs and loss of business.

## FIFTH COUNT

### (Declaratory Judgment)

1. Lilax repeats and realleges the allegations contained above as if set forth fully herein.

2. There exists a contract between Lilax and Apollo regarding Apollo's providing of services.

3. Lilax seeks monetary damages and an injunction prohibiting the consultant from working at the client site.

4. As a result, a dispute exists warranting a ruling under the New York Declaratory Judgment Act as to the rights and/or obligations of the parties.

## SIXTH COUNT

### (Account Stated)

1. Lilax repeats and realleges the allegations contained above as if set forth fully herein.

2. Lilax has on its account an account stated in the amount of $43,499.10 plus interest and attorney's fees.

3. Apollo received the goods and was invoiced for the goods.

4. Apollo has failed to pay this account balance and has retained the invoices without objection or protest.

5. As a result, Lilax has been damaged in the aforesaid amount plus interest and collection fees and costs.

## SEVENTH COUNT

### (Negligent Misrepresentation)

1. Lilax repeats and realleges the allegations contained above as if set forth fully herein.

2. Apollo has negligently misrepresented to Lilax that its consultant was no longer working on the client site.

3. Lilax relied on this misrepresentation by Apollo in not pursuing or attempting to enjoin the placement of its consultant directly by Apollo at the client site.

4. Apollo further represented to Lilax that it intended to utilize its consultant for the assignment through Apollo until the assignment was completed.

5. Lilax relied on this statement in providing its consultant to Apollo for placement at its client site.

6. The statements of Apollo were negligently false.

7. Lilax justifiably relied on the negligent misrepresentations of Apollo in providing its consultant.

8. Apollo thereafter hired Lilax's consultant directly and continued to have him work at the client site.

9. As a result of these actions, Lilax has been damaged and the negligent misrepresentations of Apollo have proximately caused the damages to Lilax including, but not limited to, lost profits, recruiting and hiring costs, business loss and other consequential damages, which exceed $250,000.00.

## EIGHTH COUNT

### (Fraud and Intentional Misrepresentation)

1. Lilax repeats and realleges the allegations contained above as if set forth fully herein.

2. Apollo intentionally misrepresented its intention to have Lilax's consultant placed at its client site for the entirety of the project and on a long term basis.

3. Lilax justifiably relied on these intentional misrepresentations in providing its consultant.

4. In fact, Apollo had no such intention and, in fact, after several months, hired the consultant surreptitiously and without notice to Lilax and continued to have him work at the client site.

5. The fraudulent and malicious actions of Apollo have caused substantial damages to Lilax including, but not limited to, lost profits, lost hiring and recruiting costs, lost business and other damages, which exceed $250,000.00.

WHEREFORE, Lilax demands judgment against Apollo as to the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts in the amount of no less than $250,000.00 and as to the Sixth Count, the sum of $43,499.10.

Dated: April 15, 2008
      New York, New York

DANIEL Y. GIELCHINSKY, Esq.
Herten, Burstein, Sheridan, Cevasco,
  Bottinelli, Litt & Harz, L.L.C.
Attorneys for Plaintiff
747 Third Avenue, 37th Floor
New York, New York 10017
(212) 363-1380